Ingrid **FISHER**, et al., Plaintiffs,

v.

**HALLIBURTON**, et al., Defendants.

No. Civ.A. H051731.

United States District Court,
S.D. Texas,
Houston Division.

July 1, 2005.

**612**

Christina Anne Fountain, Jennifer R. Johnson, Ramon Rossi Lopez, Vincent D. Howard, Lopez, Hodes, Restaino, Milman & Skikos, Newport Beach, CA, Samuel Ainsworth Houston, Cruse Scott et al, Houston, TX, for Plaintiffs.

James Stanley Teater, Katie J. Colopy, James H. Hall, Jones Day, Houston, TX, for Defendants.

### *MEMORANDUM AND ORDER*

ATLAS, District Judge.

This case is before the Court on the Motion to Dismiss [Doc. # 8] filed by Defendants Halliburton, Kellogg Brown & Root, and Service Employees International Inc. ("SEII"). Plaintiffs filed a response in opposition to the Motion to Dismiss [Doc. # 21] and Defendants filed a reply [Doc. # 24]. Based on the Court's review of the full record in this case and the application of relevant legal authorities, the Court concludes that the Motion to Dismiss should be denied.

### I. *FACTUAL BACKGROUND*

Plaintiffs or their family members were hired by SEII as truck drivers pursuant to a "Logistics Civil Augmentation Program ("LOGCAP") III" contract awarded to Halliburton by the United States government to provide logistical support to the United States Army in Iraq. Plaintiffs allege that the truck drivers responded to Defendants' recruitment advertising which concealed the "true nature and extent of the serious risks of physical harm, injury,

and/or death which existed" in Iraq. *See* Plaintiffs' Second Amended Original Petition ("Petition"), ¶ 28.

Plaintiffs allege that on April 9, 2004, Defendants assembled two separate truck convoys to deliver fuel to Baghdad International Airport. Plaintiff truck drivers were in military-style camouflage tankers with no armored plating and were directed to travel a different route from that taken by the other convoy. Plaintiffs allege that Defendants "expected and intended" that Plaintiff truck drivers' convoy would be viewed as a military operation rather than a civilian fuel delivery. *See* Petition, ¶¶ 43–44. Plaintiff truck drivers' convoy was attacked by anti-American forces. *Id.* ¶ 44. Six of the truck drivers were killed, one is missing and presumed dead, and eleven drivers were seriously injured. *Id.*

Plaintiffs allege that Defendants deployed Plaintiff truck drivers' convoy as a "decoy convoy." *Id.* ¶ 46. Plaintiffs allege that Defendants specifically and intentionally used Plaintiff truck drivers' convoy as a diversion and a decoy to allow the other convoy to reach its destination safely. *Id.* ¶ 51. Plaintiffs allege that "Defendants knew and intended that [the Plaintiff truck drivers' convoy] would be attacked by anti-American enemy insurgents" and "Defendants intentionally placed their employees in harm's way and at substantially certain risk of serious physical injury and/or death...." *Id.*

Plaintiffs allege that the three Defendants were acting "jointly" such that each Defendant is liable as an employer with "each and all of the other Defendants." *Id.* ¶ 21. Plaintiffs allege that there was such "unity between the parent Halliburton, and all of the wholly owned subsidiaries that any individuality or separateness of the subsidiaries never existed or ceased to exist...." *Id.* ¶ 64. Plaintiffs allege

that each Defendant was the alter ego of the others "for the purposes of the employment ... of certain drivers, including Plaintiff Drivers...." *Id.* ¶ 65.

## II. *ANALYSIS*

Defendants have moved to dismiss this case, asserting that it is barred by the Defense Base Act ("DBA"), 42 U.S.C. § 1651 *et seq.*, and by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Plaintiffs have responded that the allegations in their Petition bring the case within an exception to the DBA for actions by the employer which are intended to harm the employee. Plaintiffs also argue that their claims against Defendants are not preempted by the "combatant activities" exception to the government's waiver of sovereign immunity in the FTCA.

### A. *Standard for Motion to Dismiss*

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir.2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Put differently, a claim is legally insufficient under Rule 12(b)(6) "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entertainment, Inc. v. Nat'l Football League Properties, Inc.*, 151 F.3d 247, 249 (5th Cir.1998). The Court must determine whether the complaint states any

valid claim for relief when viewed in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000).

### B. *Defense Base Act*

The Defense Base Act ("DBA"), 42 U.S.C. § 1651 *et seq.*, amended the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, to "provide uniformity and certainty in availability of compensation for injured employees on military bases outside the United States." *Davila–Perez v. Lockheed Martin Corp.*, 202 F.3d 464, 468 (1st Cir. 2000). The DBA applies to civilian contractors performing work for the military overseas. *See* 42 U.S.C. § 1651(a)(4).

The DBA provides that the "liability of an employer ... under this chapter shall be exclusive and in place of all other liability of such employer ... to his employees (and their dependents) coming within the purview of this chapter...." 42 U.S.C. § 1651(c); *see also* 33 U.S.C. § 905(a); *Colon Colon v. United States Dept. of Navy*, 223 F.Supp.2d 368, 370 (D.P.R.2002). As a result, the DBA provides an employee's exclusive remedy if the employee was engaged in employment outside the United States under a contract between his employer and the United States for the purpose of engaging in public work, including contracts and projects in connection with national defense and war activities, where the employee suffered an injury within the course and scope of his employment. *See Carr v. Lockheed Martin Technical Services, Inc.*, 1999 WL 33290613, *2 (W.D.Tex. Feb. 8, 1999).

A very narrow exception to the DBA's exclusive liability provision applies where the employer acted with the specific intent to injure the employee. *See, e.g.,*

*Austin v. Johns–Manville Sales Corp.,* 508 F.Supp. 313, 316 (D.Me.1981). In this case, Plaintiffs allege that "Defendants knew and intended that [Plaintiff truck drivers' convoy] would be attacked by anti-American enemy insurgents." *See* Petition, ¶ 51. On a Motion to Dismiss, the Court must accept Plaintiffs' allegations as true.[1] Plaintiffs have alleged facts that fall within the exception to the exclusivity provision of the DBA for intended harm. Accordingly, Defendants' motion to dismiss based on the DBA must be denied.[2]

### C. Federal Tort Claims Act

 Defendants argue that Plaintiffs' claims are barred by the government contractor defense which is based on provisions of the Federal Tort Claims Act. The United States government is immune from suit and damages unless it specifically waives that immunity. *See Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988); *In re Supreme Beef Processors, Inc.,* 391 F.3d 629, 633 (5th Cir.2004). "The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Bursztajn v. United States,* 367 F.3d 485, 489 (5th Cir.2004) (quoting *Quijano v. United States,* 325 F.3d 564, 567 (5th Cir.2003)). In sum, the FTCA is a limited waiver of the federal

government's sovereign immunity with a number of specific exceptions. Defendants rely on a narrow exception to the FTCA's waiver of sovereign immunity for "any claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war." 28 U.S.C. § 2680(j).

Defendants cite a Ninth Circuit case, which cites a United States Supreme Court case, in support of their argument that the "combatant activities" exception to the FTCA's waiver of sovereign immunity bars Plaintiffs' claims. The Supreme Court case is *Boyle v. United Technologies Corp.,* 487 U.S. 500, 511, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988), in which the government contractor, United Technologies Corp., provided a military helicopter to the United States. *Id.* at 502, 108 S.Ct. 2510. The helicopter crashed off the coast of Virginia and, although the Marine Corps pilot survived the crash, he was unable to escape from the helicopter and he drowned. *Id.* The Supreme Court stated that although private parties are not entitled to sovereign immunity, *id.* at 511, 108 S.Ct. 2510, uniquely federal interests may change "what would otherwise be a conflict that cannot produce preemption into one that can." *Id.* at 508, 108 S.Ct. 2510.

The Supreme Court did not engage in a typical conflict preemption analysis.[3] Instead, in addressing the pilot's family's claim against United Technologies, the Supreme Court first noted that the procurement of equipment by the United States is

---

1. Plaintiffs are reminded, however, that their allegations in this and all regards are governed by Rule 11 of the Federal Rules of Civil Procedure.

2. Plaintiffs are also reminded that the exclusivity provision of the DBA requires Plaintiffs to prove that Defendants *specifically intended* for Plaintiff truck drivers to be attacked by the anti-American insurgents.

3. Conflict preemption occurs when either (1) a provision of state law is incompatible with a federal statute such that compliance with both is a "physical impossibility" or (2) the application of state law would disturb, interfere with, or seriously compromise the purposes of the federal statutory scheme. *Morgan City v. South La. Elec. Coop. Ass'n,* 31 F.3d 319, 322 (5th Cir.1994).

an area of uniquely federal interest. *Id.* at 507, 108 S.Ct. 2510. Then, explaining that the FTCA contains an exception to the government's waiver of sovereign immunity for claims based on the performance of discretionary functions or duties on the part of a government employee, the Supreme Court stated that "the selection of the appropriate design for military equipment to be used by our Armed Forces is assuredly a discretionary function within the meaning of this provision." *Id.* at 511, 108 S.Ct. 2510. The Supreme Court then held that liability cannot be imposed against a government contractor for "design defects in military equipment" when (1) the United States approved precise specifications; (2) the equipment complied with the specifications, and (3) the supplier warned the United States about the dangers in the use of the equipment. *Id.* at 512, 108 S.Ct. 2510.

The Ninth Circuit, in the case relied on by Defendants, applied the government contractor defense set forth in *Boyle* to civilian suppliers of military weapons. *See Koohi v. United States,* 976 F.2d 1328, 1333–34 (9th Cir.1992), *cert. denied,* 508 U.S. 960, 113 S.Ct. 2928, 124 L.Ed.2d 679 (1993). In *Koohi,* various government contractors were involved in the construction of an allegedly defective military defense system that the plaintiffs claimed caused the misidentification of an Iranian civilian aircraft as an Iranian F–14, resulting in the shooting down of the civilian aircraft in a war zone by a United States warship. *Id.* at 1330.

The Ninth Circuit first considered the plaintiffs' claims against the United States and applied the FTCA's exception to the waiver of the government's sovereign immunity for "any claim arising out of the

combatant activities of the military or naval forces, or the Coast Guard, during time of war." *Id.* at 1333 (citing 28 U.S.C. § 2680(j)). The court defined "time of war" to include a period "of significant armed conflict rather than times governed by formal declarations of war." *Id.* at 1334. Based on § 2680(j), the Ninth Circuit held that the plaintiffs' claims against the United States were barred by the government's sovereign immunity. *Id.* at 1333.

The Ninth Circuit then held that the claims against the government contractors were "preempted" by the "combatant activities" exception in the FTCA.[4] *Id.* at 1336. That court reasoned "that one purpose of the combatant activities exception is to recognize that during wartime encounters no duty of reasonable care is owed to those *against whom* force is directed as a result of authorized military action." *Id.* at 1337 (emphasis added). Believing that the purpose of the government contractors' defense system "surely was not to protect the lives of enemy forces or persons associated with those forces," the Ninth Circuit held that the claims by the heirs of the passengers and crew on the Iranian civilian aircraft were "preempted." *Id.*

In both *Boyle* and *Koohi,* the defendant government contractors had supplied equipment to the United States for military use. Defendants herein have cited no case in which the § 2680(j) "combatant activities" exception or any other exception to the FTCA's waiver of sovereign immunity has been held to bar (or, in the *Boyle/Koohi* phraseology, to "preempt") claims against a defense contractor other than in situations in which the contractor

---

4. The *Koohi* decision applying the FTCA's "combatant activities" provision to government contractors has been cited only by a single court. *See Bentzlin v. Hughes Aircraft Co.,* 833 F.Supp. 1486, 1489 (C.D.Cal.1993).

has provided allegedly defective products, and this Court's research has found none.[5] Further, each of these cases involved claims involving complex equipment acquired by the Government in its procurement process, which inevitably implicates nuanced discretion and sophisticated judgments by military experts. *See Boyle*, 487 U.S. at 511, 108 S.Ct. 2510.[6] Plaintiffs' claims in this case do not involve any allegation that Defendants supplied equipment, defective or otherwise, to the United States military. The Court concludes that extension of the government contractor defense beyond its current boundaries is unwarranted and the FTCA does not bar Plaintiffs' claims. Defendants' Motion to Dismiss this case as barred by the FTCA is denied.

### III. CONCLUSION AND ORDER

Plaintiffs have alleged that Defendants knew and intended that the convoy of trucks would be attacked, bringing the case within an exception to the exclusive remedy provision of the DBA. The narrow "combatant activity" exception to the waiver of sovereign immunity in the Federal Tort Claims Act does not bar the claims in this case. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 8] is **DENIED.**

---

**5.** The United States District Court for the Central District of California extended the government contractors' defense to include manufacturing defects as well as design defects. *See Bentzlin v. Hughes Aircraft Co.*, 833 F.Supp. 1486, 1489 (C.D.Cal.1993). The California district court did not, however, extend the defense beyond defects in equipment provided by the defendant to the United States government.

**6.** The selection by the U.S. Armed Forces of the "appropriate design for military equipment" is a "discretionary function within the meaning of [the FTCA's exception, 28 U.S.C. § 2680(a) that] often involves not merely engineering analysis but judgment as to the balancing of many technical, military, and even social considerations, including specifically the trade-off between greater safety and greater combat effectiveness." *Boyle*, 487 U.S. at 511, 108 S.Ct. 2510.